“This case comes before the court on plaintiffs’ Buie 142 statement (filed November 12,1976) of submission of the case to the court on the trial judge’s report in lieu of exceptions and brief, wherein plaintiffs (without written or oral argument) urge reversal of the trial judge’s report and decision, and on defendant’s election (filed November 18,1976) to submit the case without exception or brief on the trial judge’s report and defendant’s motion under Buies 141 (b), 142 and 143(d) for adoption of the trial judge’s decision and findings of fact and dismissal of plaintiffs’ petition. The case has been considered, without oral argument, on these filings and on the recommended decision of Trial Judge Philip B. Miller, filed August 23,1976, pursuant to Buie 134 (h).
“It is plain that the case was presented to the trial judge without benefit of this court’s recent decision in Barnes v. United States, 210 Ct. Cl. 467, 538 F.2d 865 (1976), and that the trial judge did not have adequate opportunity to take account of the impact of that ruling on the present case. We think that Barnes is conclusive here and that we need not delve into the difficult issues confronted in the trial judge’s opinion. Assuming arguendo that this court is bound by the findings of the courts within the Fifth Circuit that the United States caused the destruction of the crops in 1965, 1966, and 1967, the plaintiffs still cannot recover in this suit for the value of those crops because cat best, crop damages sustained prior to the date of taking [here, 1968] are the product of tortious invasions — mere trespasses,’ and as such are not recoverable in this court. Barnes v. United States, supra, 210 Ct. Cl. at 482, 538 F.2d at 874. That is the narrow ground of our decision dismissing the petition.
*587 “it is therefore coNcluded and ordered that plaintiffs are not entitled to recover and their petition is dismissed.”